IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.W., by and through his parents, HARRY and ANGELA W., of Harrisburg, PA, | : CIVIL NO. 1:13-cv-2379 : : (Chief Judge Conner) |
| Plaintiffs, | : |
| v. | : |
| MIDDLETOWN AREA SCHOOL DISTRICT, | : : |
| Defendant. | : |

# **ORDER**

AND NOW, this 22nd day of April, 2014, upon consideration of plaintiffs' motion (Doc. 13) made pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, wherein plaintiffs request the court to permit the submission of additional evidence not contained in the administrative record of this matter, and the court observing that a district court presiding over IDEA actions may accept additional evidence as necessary to make a proper determination of the matter before it, 20 U.S.C. § 1415(i)(2)(C)(ii) ("In any action brought under this paragraph, the court . . . shall hear additional evidence at the request of a party."), and that the Third Circuit has interpreted "additional evidence" broadly, to include that evidence which is non-cumulative, relevant, and otherwise admissible, Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 760 (3d Cir. 1995), but requires the moving party to explain why the evidence was not offered at the administrative level, Antoine M. v. Chester Upland Sch. Dist., 420 F. Supp. 2d 396, 403 (E.D. Pa. 2006) (citing Susan

N., 70 F.3d at 760, and noting that court should consider whether evidence was deliberately withheld or precluded by a procedural bar and whether its admission would be prejudicial to the non-moving party or otherwise potentially impact the administration of justice), and it appearing that the administrative hearing officer *sub judice* discredited much of the testimony of Angela W., minor plaintiff's mother, at least in part because plaintiffs failed to produce and offer into evidence the cyber charter school service agreement on which much of her testimony was based, (see Doc. 15 at 12 (observing that plaintiff's mother testified that he "had a section 504 service agreement" while at his prior school but discounting much of her testimony because there is "no documentary evidence of the existence of a section 504 service agreement at the time of Student's return to the District")), and it also appearing that plaintiffs now seek to admit the very service agreement about which plaintiff's mother testified, (Doc. 14-1), and the court noting plaintiffs' explanation that the agreement was not disclosed by the cyber charter school in time for submission to the hearing officer, (Doc. 14 at 7-8), and was not deliberately withheld for purposes of the instant motion, and the court also noting that defendant Middletown Area School District ("the District") has not identified any prejudice it might suffer were

the court to consider this additional evidence,[1] and mindful that such decisions are left to the sound discretion of the trial court, <u>Susan N. v. Wilson Sch. Dist.</u>, 70 F.3d 751, 760 (3d Cir. 1995) ("The question of what additional evidence to admit in an IDEA judicial review proceeding, as well as the question of the weight due . . . , should be left to the discretion of the trial court."), and of the remedial purpose of IDEA, <u>see</u>, <u>e.g.</u>, <u>id.</u> ("[Courts] must exercise particularized discretion in its rulings so that it will consider evidence relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved."), it is hereby ORDERED that:

1. Plaintiffs' motion (Doc. 14) to submit additional evidence pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii) is GRANTED.

2. The document attached as Exhibit A (Doc. 14-1) to plaintiffs' memorandum of law and identified by plaintiffs as "Section 504/Chapter 15 Service Agreement" is ADMITTED as evidence and made a part of the record in this matter.

    /S/ CHRISTOPHER C. CONNER
    Christopher C. Conner, Chief Judge
    United States District Court
    Middle District of Pennsylvania

---

[1] The District posits that the fact that the cyber charter school did not initially produce the service agreement is *prima facie* evidence that the school did not have any kind of notice of minor plaintiff's need for some accommodation and thus dispositive of plaintiffs' claims. At this juncture, the court simply concludes that the agreement is relevant and admissible in the above-captioned proceedings. The court expresses no opinion as to the weight to be assigned to the service agreement or its impact on the ultimate resolution of this case. Those issues are more appropriately resolved in motion practice.